**ENISON–FREEMAN CO., Inc., v. LEVY.**

No. 203.

Circuit Court of Appeals, Second Circuit.

Feb. 8, 1932.

Emery, Booth, Varney & Whittemore, of New York City (L. G. Miller and Emery, Booth, Varney & Townsend, all of Boston, Mass., of counsel), for appellant.

Schechter, Lotsch & Sulzberger, of New York City (John L. Lotsch and James Rosthal, both of New York City, of counsel), for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This is the ordinary suit for patent infringement, and the validity of the patent is not controverted. The only question is whether the claims should be given a broad enough range of equivalents to cover the defendant's device.

The United States patent No. 1,428,226 to Albert J. Ganz aims to provide an improved container in which articles may be conveniently shipped and which may afterwards be opened in a way to display the contents attractively. The specification discloses a box which is made from a one-piece blank which includes the back, bottom, and front wall of the upper pocket and the back of the lower pocket. Each of the claims in suit (1, 2, and 3) specifically calls for a device "including a single sheet extending over the parts specified." There might be little doubt that the defendant has infringed except for the fact that, instead of scoring the cardboard on the dotted lines between the panels 7a and 7b in figure 7 of the patent, defendant cuts the material so as to sever it at this point and uses the separate element shown in figure 8 as a hinge so that the two pockets will be hinged together or can be moved from the closed position which they occupy, while the goods are being transported. In other words, the defendant's container is composed of two

separable boxes hinged together by a removable strip folded over the edge of the upper box, instead of two boxes each part of a single cardboard unit.

When it appears that defendant's boxes are mechanically severed it does not establish infringement that they have been originally cut out of a single sheet of material. Each claim in suit provides for "a single sheet extending over the back, bottom and front wall of the upper pocket and the back of the lower pocket." Thus defendant's structure, whatever its functional attributes or its merits or demerits, does not contain one of the elements included in each of the three claims.

It is to be noted that the claims are not for a process, but for a product which, when made up, has the single sheet which the claims call for. Defendant's box consists of three entirely separate pieces; the upper pocket being a unit in itself and the lower pocket an entirely separate unit in itself, while the two are united by a still third piece which is maintained in position by the goods which are packed in the pockets. Moreover, the defendant's structure is capable of a complete disengagement in respect to the upper and lower boxes, so that the goods may be displayed separately, and, if desired, in separate places. The complainant's structure, on the other hand, appears to have the merit of being more solid and strong. It is true that none of these differences would prevent infringement if the claims were broad enough to cover boxes not consisting of a unitary piece, but we are clear that the claims cannot be so extended from their natural meaning. The structures are in themselves very different but, in addition to all this, the meaning of the claims has been limited by the proceedings in the Patent Office.

The patent application originally contained as claim 1, the following: "1. A display device comprising a pair of pockets one standing above and back of the other and hinged together so that one may be folded over the other to form a closed package for the contents."

This claim was rejected by the Patent Office together with original claims 2, 3, 4, and 5, and original claims 6, 7, 8, and 9 were renumbered as claims 1, 2, 3, and 4. The claims finally allowed all contained the same language as original claim 1, which was rejected, but in addition the further element of "a single sheet extending over the back, bottom and front wall of the upper pocket and the back of the lower pocket."

It is evident from the above that the patentee acquiesced in the ruling that a broad claim for a display device which called only for "a pair of pockets one standing above and back of the other and hinged together so that one may be folded over the other to form a closed package for the contents" was not permissible. He limited himself in each of the claims finally allowed to a device which included "a single sheet extending over the back, bottom and front wall of the upper pocket and the back of the lower pocket."

The complainant argues that because claim 1 is original claim 6, without change, the ordinary rule of estoppel by acquiescence in the rejection of a broad claim does not apply. But here we have a case where the claims in issue though original claims repeat word for word the language of rejected claim 1 and add the further element we have mentioned. It is settled law that under such circumstances the words of limitation in the surviving claims cannot be given the same construction as the words of the rejected claim. Ham Boiler Corp. v. Hugo et al. (C. C. A.) 23 F.(2d) 163; Key Boiler Equipment Co. v. Coleman (C. C. A.) 36 F.(2d) 195; Trussell Mfg. Co. v. Vernon (D. C.) 11 F.(2d) 289; Knowles v. 138 W. 42d Street Corp. (C. C. A.) 43 F.(2d) 929.

We feel no doubt that the complainant's patent is limited to a structure which has "a single sheet extending over the back, bottom and front wall of the upper pocket and the back of the lower pocket." The defendant has not employed any such structure, and accordingly has not infringed the claims in suit.

The interlocutory decree is reversed, with costs, with directions to dismiss the bill.